IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **REGINA NORINE SMITH,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-21-1074-AMG |
| | ) |
| **KILOLO KIJAKAZI,** Acting | ) |
| **Commissioner of Social Security,** | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**

Regina Norine Smith ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-34. (Doc. 1). The Commissioner has answered the Complaint and filed the Administrative Record ("AR") (Docs. 7, 8), and the parties have fully briefed the issues. (Docs. 15, 17).[1] The parties have consented to proceed before the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Docs. 11, 12). Based on the Court's review of the record and issues presented, the Court **AFFIRMS** the Commissioner's decision.

---

[1] Citations to the parties' briefs refer to the Court's CM/ECF pagination. Citations to the Administrative Record refer to its original pagination.

I.      **The Disability Standard and Standard of Review**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A physical or mental impairment is an impairment "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* § 423(d)(3). A medically determinable impairment must be established by "objective medical evidence" from an "acceptable medical source," such as a licensed physician or a licensed and certified psychologist; whereas the claimant's own "statement of symptoms, a diagnosis, or a medical opinion" is not sufficient to establish the existence of an impairment. 20 C.F.R. § 404.1521; *see id.* §§ 404.1502(a), 404.1513(a). A plaintiff is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

Social Security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. § 404.1520; *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (explaining five steps and burden-shifting process). To determine whether a claimant is disabled, the Commissioner inquires: (1) whether the claimant is engaged in any substantial gainful activity; (2) whether the claimant suffers from a severe impairment

or combination of impairments; (3) whether the impairment meets an impairment listed in Appendix 1 of the relevant regulation; (4) considering the Commissioner's assessment of the claimant's residual functional capacity ("RFC"),[2] whether the impairment prevents the claimant from continuing claimant's past relevant work; and (5) considering assessment of the RFC and other factors, whether the claimant can perform other types of work existing in significant numbers in the national economy.  20 C.F.R. § 404.1520(a)(4)(i)-(v). Plaintiff bears the "burden of establishing a prima facie case of disability under steps one, two, and four" of the SSA's five-step procedure.  *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005).  If the plaintiff makes this prima facie showing, "the burden shifts to the Commissioner to show the claimant has the [RFC] to perform other work in the national economy in view of [claimant's] age, education, and work experience."  *Id*.  "The claimant is entitled to disability benefits only if [he or she] is not able to perform other work." *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

This Court's review of the Commissioner's final decision is limited "to determin[ing] whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence." *Noreja v. Comm'r, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020) (citation omitted).  Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).  "It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S.Ct.

---

[2] RFC is "the most [a claimant] can still do despite [a claimant's] limitations."  20 C.F.R. § 404.1545(a)(1).

1148, 1154 (2019) (internal quotation marks and citation omitted).  A court's review is based on the administrative record, and a court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met."  *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005).  While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency."  *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).  Even if a court might have reached a different conclusion, the Commissioner's decision stands if it is supported by substantial evidence.  *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

## II.     Procedural History

Plaintiff filed an application for DIB on September 12, 2019, alleging a disability onset date of October 30, 2018.  (AR, at 44, 61, 184).  The SSA denied the application initially and on reconsideration.  (*Id*. at 67-70, 72-78).  Then an administrative hearing was held on January 29, 2021.  (*Id*. at 27-43).  Afterwards, the Administrative Law Judge ("ALJ") issued a decision finding that Plaintiff was not disabled.  (*Id*. at 13-22).  The Appeals Council subsequently denied Plaintiff's request for review.  (*Id*. at 1-6).  Thus, the ALJ's decision became the final decision of the Commissioner.  *See Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009); 20 C.F.R. § 404.981.

**III.    The Administrative Decision**

At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 30, 2018, the alleged onset date. (AR, at 15). At Step Two, the ALJ determined Plaintiff suffers from the severe impairments of obesity, bilateral knee disorder status post-surgical repair, hypertension, and arteriosclerotic heart disease. (*Id*.) At Step Three, the ALJ found Plaintiff's impairments do not meet or medically equal any of the listed impairments. (*Id.* at 16). The ALJ then determined that Plaintiff had the RFC to:

> lift and carry 20 pounds occasionally and ten pounds frequently. [Plaintiff] can sit for about 6 hours during an eight-hour workday and can stand and walk for about 6 hours during an eight-hour workday. [Plaintiff] can frequently climb, balance, stoop, kneel, crouch, and crawl.

(*Id.* at 17). At Step Four, the ALJ found Plaintiff could perform her past relevant work as an x-ray technologist. (*Id.* at 21). Thus, the ALJ found that Plaintiff had not been under a disability at any time from the alleged onset date through the date of the decision. (*Id.* at 22).

**IV.    Claims Presented for Judicial Review**

On appeal, Plaintiff contends the ALJ did not properly consider her subjective complaints because he did not consider evidence other than the objective medical record and because he failed to consider Plaintiff's positive work history. (Doc. 15, at 8-11). In response, the Commissioner argues the ALJ properly considered Plaintiff's alleged subjective complaints. (Doc. 17, at 7-13).

**V.     The ALJ Properly Considered Plaintiff's Subjective Complaints.**

Plaintiff argues the ALJ erred in the consideration of her alleged symptoms. When evaluating a claimant's subjective symptoms, an ALJ must consider: (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of medication; (5) treatment, other than medication, the claimant has received; (6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and (7) any other factors concerning functional limitations and restrictions. *See* Social Security Ruling ("SSR") 16-3p: Titles II & XVI: Evaluation of Symptoms in Disability Claims, 2017 WL 5180304, at *7-8 (S.S.A. Oct. 25, 2017).

The ALJ must determine whether the claimant's "statements about the intensity, persistence, and limiting effects of symptoms are consistent with the objective medical evidence and the other evidence of record." *See id.* at *7.[3]  If they are inconsistent, then the ALJ "will determine that the individual's symptoms are less likely to reduce his or her

---

[3] In her brief, Plaintiff notes that courts "frequently use the word credibility" despite the word not appearing in the regulations. (Doc. 15, at 9). She contends "a body of decisions has built up in which the credibility finding is treated as one related to 'sizing up' the claimant such as when a court conducts a bench trial" and argues "[t]his approach leads to undue deference." (*Id.* at 10). Plaintiff is correct that the evaluation, previously termed the "credibility" analysis, is now termed the "consistency" analysis. *See* SSR 16-3p, 2017 WL 5180304 (superseding SSR 96-7p). But in practice, there is little substantive difference between a "consistency" and "credibility" analysis. *See Brownrigg v. Berryhill*, 688 F. App'x 542, 545-46 (10th Cir. 2017) (finding that SSR 16-3p was consistent with prior approach taken by Tenth Circuit). And while "the Commissioner no longer uses the term 'credibility' in evaluating a claimant's statements . . . the analysis . . . remains substantially the same." *Olson v. Comm'r, SSA*, 843 F. App'x 93, 97 n.3 (10th Cir. 2021) (internal citation omitted).

capacities to perform work-related activities." *Id*. Consistency findings are "peculiarly the province of the finder of fact," and courts should "not upset such determinations when supported by substantial evidence." *Cowan v. Astrue*, 552 F.3d 1182, 1190 (10th Cir. 2008). Provided the ALJ sets forth the specific evidence he relies on in evaluating the consistency of the claimant's subjective complaints with other evidence, the ALJ "need not make a formalistic factor-by-factor recitation of the evidence." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1167 (10th Cir. 2012) (quotation marks omitted). "[C]ommon sense, not technical perfection, is [the reviewing court's] guide." *Id*. Furthermore, the ALJ is entitled to resolve evidentiary conflicts. *See Allman v. Colvin*, 813 F.3d 1326, 1333 (10th Cir. 2016).

In formulating the RFC, the ALJ "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSR 16-3p." (AR, at 17). The ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (*Id.* at 18). In reaching this conclusion, the ALJ thoroughly summarized Plaintiff's Adult Function Report and found Plaintiff's reported activities were "not consistent with the extent of [Plaintiff's] allegedly disabling impairments." (*Id.* at 17-18) (citing *id.* at 209-16). The ALJ also summarized Plaintiff's medical records. (*Id.* at 18-19). Plaintiff concedes "the ALJ's description of Plaintiff's

7

self-described limitations in the record and at the hearing accurately depict her description." (Doc. 15, at 8).

After addressing Plaintiff's hearing testimony, the ALJ found:

> [i]n the instant case, the issue is not the existence of pain, but rather the degree of incapacity incurred because of the same. While [Plaintiff] complains of severe symptoms, it does not seem reasonable to conclude from the minimal findings in evidence that such could be the basis for the degree alleged. She does not appear to be experiencing progressive physical deterioration, which might be expected when there are intense and continuous symptoms. Likewise, [Plaintiff's] routine does not appear restricted by her alleged disability; but, rather by choice.

(AR, at 20). Plaintiff makes two arguments attacking the ALJ's symptom analysis, both of which are without merit.

Plaintiff first argues that while the ALJ considered the objective evidence, "the ALJ never discusse[d] any of the 'other factors' he was obligated to discuss pursuant to [20 C.F.R.] § 404.1529(c)."[4] (Doc. 15, at 8). She further contends the ALJ gave only "the most meager consideration" to her alleged limitations and that the ALJ "fail[ed] to consider Plaintiff's daily activities." (*Id.* at 9, 10). But, as noted above, the ALJ thoroughly addressed Plaintiff's daily activities and explained that Plaintiff's alleged symptoms were inconsistent with the performance of those activities. (AR, at 17-18). Thus, Plaintiff's

---

[4] In concert with this argument, Plaintiff also asserts that "[i]n finding that the State Agency administrative findings (that admittedly are consistent with the ALJ's RFC) were persuasive, the ALJ limited his rationale to stating that this was so because the findings were 'consistent with the objective medical evidence.'" (Doc. 15, at 8) (citing AR, at 21). To the extent Plaintiff contends the ALJ erred in weighing the opinions of the state agency physicians, the argument "is not developed and the Court will not speculate or develop arguments on [her] behalf." *Brou v. Saul*, 2019 WL 5686722, at *2 n.2 (W.D. Okla. Oct. 10, 2019) (citing *Threet v. Barnhart*, 353 F.3d 1185, 1190 (10th Cir. 2003)), *adopted*, 2019 WL 5684510 (W.D. Okla. Nov. 1, 2019).

argument that the ALJ failed to address her daily activities is clearly without merit. And with the exception of her work history, Plaintiff does not identify any "other factors" the ALJ failed to address. Further, the ALJ "need not make a formalistic factor-by-factor recitation of the evidence." *Keyes-Zachary*, 695 F.3d at 1167 (quotation marks omitted).

In her second argument, Plaintiff contends the ALJ "failed to consider the fact of her exemplary work history." (Doc. 15, at 10). Citing her certified earnings records, Plaintiff notes "she had 22 years of consecutive earnings prior to her allegation of disability, in most years earning over $60,000." (*Id.*) (citing AR, at 158-59). She asserts a "demonstrated willingness to work" – evidenced by her past work history – must "be considered as part of a credibility assessment." (*Id.*) Initially, the Court notes that the ALJ stated that he gave "careful consideration [to] the entire record" in making the decision and formulating the RFC. (AR, at 15, 17). "This was sufficient as the ALJ need not make a 'formalistic factor-by-factor recitation of the evidence.'" *Asberry v. Kijakazi*, 2022 WL 1462273, at *10 (W.D. Okla. May 9, 2022) (quoting *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000) (noting that "while the ALJ did not mention Plaintiff's work history, he did state he considered the entire record before making his determination").

Plaintiff also cites cases from other district courts for the proposition that ALJs are required to consider good work history in the credibility analysis. (Doc. 15, at 10-11) (citing *Lloyd v. Colvin*, 2014 WL 503765, at *10 (D. Colo. Feb. 6, 2014);[5] *Wegner v.*

---

[5] The Court notes the facts in *Lloyd* differ from those in this matter because the ALJ there found the claimant's work history was "weak." 2014 WL 503765, at *9. Here, the ALJ made no explicit findings regarding Plaintiff's work history.

9

*Astrue*, 2009 WL 3158129, at *10 (D. Colo. Sept. 28, 2009); *Long v. Barnhart*, 2004 WL 1960104, at *10 (D. Kan. Sept. 3, 2004); *Tyson v. Apfel*, 107 F. Supp. 2d 1267, 1270 (D. Colo. 2000)).  The Court does not find those cases persuasive, as the Tenth Circuit has at least twice had the opportunity to establish such a bright-line rule and declined to do so.  In *Bell v. Colvin*, the claimant argued "factors favorable to her credibility . . . were ignored by the ALJ[,] includ[ing] . . . her good work history."  645 F. App'x 608, 613 (10th Cir. 2016).  Even "assuming these factors are relevant," the court "decline[d] to reweigh the evidence in this case or substitute our judgment for that of the ALJ."  *Id.*  Similarly, in *Stokes v. Astrue*, a claimant asserted the ALJ's credibility analysis was flawed "because [the ALJ] gave her no credit for her work history after her . . . back surgery . . . [and] a good work history enhances credibility."  274 F. App'x 675, 868 (10th Cir. 2008).  The court held "the only question this court must answer is whether the ALJ's determination that [the claimant's] allegations of disabling pain were not credible was closely and affirmatively linked to evidence that a reasonable mind might accept as adequate to support that conclusion," and affirmed the ALJ's decision.  *Id.*  Thus, in the instant case, the ALJ did not err by not discussing Plaintiff's work history in the credibility/consistency analysis.

      For the reasons stated above, the Court finds Plaintiff's arguments are without merit.

## VI. Conclusion

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned **AFFIRMS** the decision of the Commissioner for the reasons discussed above.

**SO ORDERED** this 28th day of October, 2022.

AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE